In the Matter of the Estate of ALIDA L. VAN SCHOONHOVEN, Deceased. *

Surrogate's Court, Rensselaer County, June 23, 1930.

*Joseph C. Behan, Jr.,* for the executors and trustees.

*John T. Norton,* for Harriet V. S. Roy and another.

*Lawrence B. McKelvey* and *Maurice D. Isenbergh,* special guardians.

---

\* This opinion was handed down June 23, 1930, and through neglect was not forwarded to the reporter. An appeal was taken to the Appellate Division by the beneficiaries Harriet V. S. Roy and Mary V. S. Ludlow, and also by the trustees. The decree of the surrogate was unanimously affirmed by the Appellate Division (233 App. Div. 886). Thereafter application was made to the Appellate Division for leave to appeal to the Court of Appeals, which was denied (234 App. Div. 639), and a further application to the Court of Appeals for leave to appeal to that court was denied by order entered September 15, 1931.

WAGER, S. Two questions have been raised on this accounting that require serious consideration. The decedent died November 13, 1926. She left a will bearing date December 13, 1924, and two codicils attached thereto, the first dated March 4, 1925, and the second July 7, 1926. She created several trusts in her said will and one trust by the second codicil, and as far as the questions involved here are concerned it will be necessary only to refer to two of said trusts. In the " ninth " clause of her will she created a trust of $50,000, the income to be paid to her niece Mary V. S. Ludlow during the lifetime of said niece, and upon her death directed that the principal of said trust fund be paid to the issue of said niece, if any, and in case she died without issue said sum of $50,000 to be added to decedent's residuary estate. In the " eleventh " clause of her said will the decedent created a trust of $200,000 during the lives of John Roy and Herbert F. Roy, Jr., children of decedent's niece Harriet V. S. Roy, and directed that the executors and trustees pay the income and profits from said trust fund to decedent's niece, Harriet V. S. Roy, during the term of her natural life, and upon the death of the niece to pay said income to the children of said Harriet V. S. Roy. Upon the death of said John Roy and Herbert F. Roy, Jr., during whose lives said trust was to continue, said principal of $200,000 was to be distributed to the children of Mrs. Roy and the issue of any children who shall have died. By the " thirteenth " clause of decedent's will she directed that the residue of her estate be divided into two equal parts, one part to be added to the trust created for the benefit of Mrs. Ludlow and the other to the trust created for the benefit of Mrs. Roy. Decedent also provided in her said will that the executors and trustees in erecting any trust created, could take any securities which might be found in her estate, notwithstanding that such securities might not be such as were authorized by the laws of the State of New York to be used for trust investment.

At the time of decedent's death she was the owner of a large amount of stocks in various corporations, among which were 1,005 shares of common stock of the United States Steel Company and 82 shares of the common stock of the American Light and Traction Company. In April, 1927, the steel corporation declared a stock dividend of forty per cent upon its common stock, and the executors of the estate of the deceased received 402 additional shares of said stock, and in June, 1927, the American Light and Traction Company declared a stock dividend of fifty per cent upon its common stock, and the said executors and trustees received

41 additional shares of said stock; and the question has been raised as to the ownership and disposition of said stock dividends, the attorney for Mrs. Ludlow and Mrs. Roy, beneficiaries under the trusts created for their benefit, claiming that said stock dividends should be treated as income and paid to the beneficiaries, and the special guardian for the minors in the other trusts claiming that the same should be added to and become a part of the principal of the said several trust funds.

At the time decedent made her will, sections 10 and 17-a of the Personal Property Law had been amended by chapter 452 of the Laws of 1922, and by said section 17-a stock dividends might be declared, in whole or in part, principal or income in any will thereafter executed. The will of decedent was executed while this law was in force. Thereafter said section 17-a was amended (Laws of 1926, chap. 843) to read that in any will thereafter executed the stock dividends were to be considered as part of the principal of any trust created in said will. The last codicil executed by the decedent was after the amendment became effective declaring stock dividends to be principal.

The question of law involved is a close one. Within six months after the decedent's death the steel corporation declared a stock dividend of forty per cent, giving the estate of decedent 402 shares additional, and seven months after the decedent's death the American Light and Traction Company declared a stock dividend of fifty per cent, giving the estate 41 additional shares. In declaring these dividends the corporations stated that they were declared out of the accumulated surplus earnings. The cash value of these stock dividends aggregated about $75,000. After the declaration and payment of these stock dividends the estate had no greater interest in the two corporations than it had at the time of decedent's death. These stocks were principal of the estate, and if forty per cent of the value of one and fifty per cent of the value of the other is to be taken from these two separate items of assets and distributed as income the principal of the estate would be lessened accordingly. In following the strict reading of the statute one might hold that these dividends should be considered as income, but should not the statute be considered along with the intent and scheme of the decedent set forth in her will and codicils? It is certain that these stock dividends do not represent earnings of the two corporations between the time of decedent's death and the time of the payment of the dividends, and it can readily be seen that if more stock dividends are declared in the future upon securities held by these trustees, that the principal of the several trust funds will be lessened to an extent that the testatrix did not contemplate or desire by a fair

interpretation of her will. At the time of the execution of the last codicil the law provided that all stock dividends should be considered as principal. In this last codicil she created an additional small trust and further did confirm all of the other provisions of her will and other codicils thereto. By this codicil she reaffirmed all the other trusts created in and by her will. Did she by this last codicil create anew the several trusts and thereby provide that the law as it then existed should be used in construing her will and the disposition of stock dividends?

Section 17-a of the Personal Property Law was enacted and amended more for the purpose of avoiding the objection that the adding of stock dividends to the principal would violate the provision against the accumulation of income; and in disposing of the question now the surrogate is of the opinion that the will and codicil of the decedent should be construed under this law in a manner that will best carry out the manifest intention of the testatrix, that is, that only the normal and usual income received from her securities should be disbursed to the beneficiaries.

The surrogate is of the opinion that these stock dividends in question should be added to the principal. As stated, the question of law is a very close one, and inasmuch as these trusts will probably continue for many years and that there may be, and undoubtedly will be, other stock dividends, the matter should be submitted to the appellate court for a final determination and for the guidance of the trustees in their management of the estate.

The other questions submitted concern the amount of commissions that should be allowed the executors and the trustees. The executors allotted to the several trusts the different securities left by the decedent at the time of her death, and held by said executors, in the proper proportions as provided in said will. As executors, each is entitled to full commissions, but as to the income received from the several trusts and disbursed to the several beneficiaries, each trust must be considered separate and apart from the other; and only one commission can be allowed for the income so received and disbursed, payable from the income of each separate trust; said commission to be divided among the several trustees. Each trustee is not entitled to the full commission, notwithstanding the principal amount of the trusts set apart exceeds $100,000 in amount.

A decree may be entered accordingly.